UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00385-MOC

| | |
|---|---|
| **ARTHUR W. MASSEY,** | ) |
| Plaintiff, | ) |
| | ) MEMORANDUM OF DECISION |
| Vs. | ) and |
| | ) ORDER |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | ) |
| Defendant. | ) |

**THIS MATTER** is before the court upon plaintiff's pro se Motion for Summary Judgment and the Commissioner's Motion for Order Affirming the Commissioner's Decision.[1] Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I. Administrative History

In 1993, plaintiff was awarded SSI benefits. Transcript of the Record of Proceedings, "Tr.," at 11. On February 10 2011, the Commissioner determined

---

[1] In accordance with Local Civil Rule 7.1(E) and the Pretrial Order, review of Social Security appeals is done by cross motions, with no responses or replies. Thus, no Roseboro notice was entered after the government filed its dispositive motion as no response to such motion was required.

1

that plaintiff had not been entitled to receive SSI benefits since September 1, 2009, due to ownership of real property of such value that rendered him ineligible to receive SSI benefits. Document No. 24, "Pl's Mem." On February 18, 2011, the Commissioner reconsidered that finding and determined that it was correct. Tr. 58. On February 28, 2011, plaintiff timely filed a written request for an administrative hearing. Tr. 64.

On July 21, 2011, plaintiff appeared and testified at a hearing before Administrative Law Judge ("ALJ"), who issued a decision finding that plaintiff's resources rendered him ineligible to continue receiving SSI benefits. Tr. 8-14. Plaintiff filed a request for review of the ALJ's decision on August 30, 2011 (Tr. 7), which the Appeals Council denied on June 14, 2012 (Tr. 3-6), making the ALJ's decision the final decision of the Commissioner.

## II.   Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III.   Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by

substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra.

## IV. Substantial Evidence

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The undersigned finds that it is.

Here, plaintiff contends that the properties he acquired in Lancaster County, South Carolina, had little to no value, that he paid $5 for such properties, that he received no income from such properties during his tenancy, and that since the

ALJ's determination, he has re-conveyed those properties to the grantor for the same nominal amount of $5.

While the court has considered such contentions, the question before the ALJ was whether plaintiff met the financial eligibility requirements for SSI benefits set forth in 42 U.S.C. § 1382(a). To establish entitlement to SSI benefits, plaintiff has the burden of proving that he met those requirements. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Due to the assessed value of the properties plaintiff acquired, the ALJ found that plaintiff did not meet those requirements – and, therefore, was not eligible for SSI benefits – at any time from September 1, 2009 through the date of his August 2, 2011 decision. Tr. 14.

A disabled individual may receive SSI benefits if his resources do not exceed certain annual limits; for eligibility beginning January 1, 1989, that limit is $2,000 for a non-married individual such as plaintiff. 20 C.F.R. § 416.1205(c). The definition of "resources" includes any real or personal non-home property that an individual owns and can convert to cash to use for support and maintenance. 20 C.F.R. §§ 416.1201(a) & 416.1212(b). The Commissioner evaluates land at its equity value, which is determined by taking the price that the land "can reasonably be expected to sell for on the open market," minus any encumbrances on the land. 20 C.F.R. § 416.1201(c)(2).

Plaintiff argues that the ALJ's finding that his resources rendered him ineligible to receive SSI benefits was "unfair[]," inaccurate," and "arbitrary," Pl's Mem., at 3-4, which the court deems to be a contention that it was not supported by substantial evidence.

The ALJ had before him evidence of a quitclaim deed on file with the Lancaster County Assessor's Office, which indicated plaintiff owned three non-home properties in Lancaster, South Carolina, during the relevant time. The ALJ obtained official records from the Lancaster County Assessor's Office, which provided that the assessed tax value of the properties was $23,500 as of July 28, 2011. Tr. 123-25. The ALJ also had before him official records indicating that the property was encumbered in the total amount of $4,222.50. Tr. 100-01, 105-06, 109. In his decision, the ALJ clearly considered plaintiff's opinion as to the value of these properties, but stated that he gave "the most weight" to these government documents, Tr. 12, and determined the equity value of the Lancaster Properties by deducting the encumbrances from the assessed value. Tr. 13. Thus, the ALJ's determination that the plaintiff's equity in these properties "well exceeds [Plaintiff's] resource limit of $2,000" (Tr. 13) is fully supported by the record.

In not fully crediting plaintiff's testimony concerning the value of these properties, the ALJ explained that "claimant's testimony regarding the value of his

non-home real property is inconsistent with the tax records." Tr. 12. In <u>Hatcher v. Secretary</u>, 898 F.2d 21, 23 (4th Cir. 1989), the Court of Appeals for the Fourth Circuit held that

> it is well settled that: "the ALJ is required to make credibility determinations--and therefore sometimes make negative determinations-- . . . . But such decisions should refer specifically to the evidence informing the ALJ's conclusion. This duty of explanation is always an important aspect of the administrative charge . . .

<u>Id.</u> The court finds that the ALJ discharged this duty by explaining why he did not fully credit plaintiff's testimony concerning the value of the properties.

## V. Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. <u>See</u> <u>Richardson v. Perales</u>, <u>supra</u>; <u>Hays v. Sullivan</u>, <u>supra</u>. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," <u>Richardson v. Perales</u>, <u>supra</u>, plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Order Affirming the Commissioner's Decision will be granted, and the decision of the Commissioner will be affirmed.

# ORDER

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by plaintiff, is **AFFIRMED**;

(2) the plaintiff's Motion for Summary Judgment (#24) is **DENIED**;

(3) the Commissioner's Motion for Order Affirming the Commissioner's Decision (#34) is **GRANTED**; and

(4) this action is **DISMISSED**.


## Advice of Appellate Rights

In accordance with Wilder v. Chairman of the Central Classification Bd., 926 F.2d 367, 371 (4th Cir.)("while not mandated, the preferable practice is to include a statement to all final orders involving *pro se* litigants setting forth the litigants' appellate rights"), cert. denied, 502 U.S. 832 (1991), plaintiff is hereby advised of the right to appeal this decision to the Court of Appeals of the Fourth Circuit in the manner described in Rule 3, Federal Rules of Appellate Procedure, by filing a Notice of Appeal with the Clerk of this Court within the time prescribed in Rule 4, Federal Rules of Appellate Procedure, which is **30 days** from entry of this Order. Failure to file a Notice of Appeal within the first 30-day period after entry of judgment requires the filing of a motion for extension of time and a notice of appeal within the second 30-day period after entry of

judgment. Fed. R. App. P. 4(a)(5). See <u>United States ex rel. Leonard v. O'Leary</u>, 788 F.2d 1238, 1240 (7th Cir. 1986).

Signed: July 17, 2013

Max O. Cogburn Jr.
United States District Judge